UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  
CASE NO. 6:10-bk-578  
CHAPTER 11

SHERWOOD FARMS, INC.,

EMERGENCY RELIEF REQUESTED

Debtor.

_____/   Hearing Requested By: January 19, 2010

DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR
AUTHORITY TO USE CASH COLLATERAL, GRANT REPLACEMENT
LIENS, AND REQUEST FOR EMERGENCY PRELIMINARY HEARING

AND

CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY PRELIMINARY HEARING

## STATEMENT OF RELIEF REQUESTED

The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering the Chapter 11 case in accordance with a proposed budget, which will be filed separately with the Court or before January 18, 2010, and to provide replacement liens as described below as adequate protection for the interests in the cash collateral. The Debtor believes that the parties listed herein may assert a valid and perfected security interest in the Cash Collateral. As adequate protection, the Debtor proposes to grant to those parties replacement liens to the same extent, validity, and priority as the security interests held by the parties as of the Petition Date.

**SHERWOOD FARMS, INC.** ("Debtor"), by counsel, hereby file this Motion ("Motion")

pursuant to §§ 105, 361 and 363 of the United States Bankruptcy Code and Federal Rule of Bankruptcy

Procedure 4001(b)(1) for entry of an Order, substantially in the form attached hereto as **Exhibit "A"**,

authorizing the Debtor to use cash collateral and provide adequate protection for the Debtor's Lenders,

Old Southern Bank ("Old Southern") and Pentagon Capital Management Place ("Pentagon Capital"), and

requests an emergency preliminary hearing on the Motion. In further support of this Motion, the Debtor submits as follows:

1. This Court has jurisdiction under the provisions of 28 U.S.C. § 1334, 11 U.S.C. § 363, and the Blanket Referral Order of the Chief Judge of the United States District Court for the Middle District of Florida.

2. On January 15, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Code"); no trustee has been appointed. The Debtor continues to operate its business and manage its properties as a debtor-in-possession under Sections 1101(a) and 1108 of the Code.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M) and is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014.

4. Debtor is a Florida corporation established on October 2, 1998 for the purpose of cultivating and selling orchids to wholesaler and flea markets.

5. The cash collateral which Debtor seeks to use is comprised in whole or in part of funds on hand and funds to be received from the Debtor's collection of accounts receivable, liquidation of inventory, and on-going operation of the business (collectively "Cash Collateral"). Old Southern claims a first priority security interest in the Cash Collateral and is owed approximately $5,000,000.00 and Pentagon Capital claims a second priority security interest in the Cash Collateral and is owed approximately $2,000,000.00.

6. As of the Petition Date, the Debtor estimates the value of the Cash Collateral, consisting of cash, accounts receivable, and inventory and real property to be at least $ 8,000,000.00. Debtor

believes that Old Southern and Pentagon Capital are adequately protected by the existing equity cushion and the underlying real property.

7. A budget showing estimated receipts and expenses for the first four months after the Petition Date (the "Budget") will be filed separately with the Court on or before January 18, 2010.

8. The Debtor has approximately $55,000.00 of funds on hand, and the Debtor requires the use of approximately $113,2000 of Cash Collateral for the first four weeks to continue and maintain the operation of its business after the Petition Date, and, depending on the week, a greater or lesser amount will be required each comparable period thereafter; the Debtor believes that its business can be operated on a positive cash flow basis.

9. The Debtor has no funds other than Cash Collateral. If the Debtor is not permitted to use Cash Collateral, it will be forced to halt operations which will result in loss of the going-concern value of the business, a reduction in the value of the estate's assets, an adverse effect on creditors and employees, and reduce the possibility of an effective reorganization or going-concern sale in the case.

10. As adequate protection for the use of Cash Collateral, the Debtor proposes to grant Old Southern and Pentagon Capital a priority lien on Cash Collateral to the same validity, extent, and priority as its prepetition lien.

11. If the Debtor is not permitted to use the Cash Collateral, it may be forced to halt operations, which will result in loss of the going-concern value, a reduction in the value of the estate's assets, and an adverse effect on creditors and employees.

In Re: Sherwood Farms, Inc.
Case No. 6:10-bk-00578

3

U:\Bkry\Sherwood Farms\Pldg\cash coll mtn.wpd

## CERTIFICATE OF NECESSITY OF
## REQUEST FOR EMERGENCY PRELIMINARY HEARING

12. Operation of the Debtor's business requires the incurring of expenses on a daily basis.

13. The Debtor will be without funds to operate and meet expenses if an emergency preliminary hearing is not granted.

14. Customers, vendors, and employees have been at risk since the filing of the Petition and will continue to be at risk until a determination by this Court of the right to use Cash Collateral.

15. The Debtor will need to fund payroll by 2:00 p.m., on Wednesday, January 20, 2010.

16. The Debtor and its counsel were aware prior to the Petition Date that use of Cash Collateral would be an immediate issue, but could not seek the relief sought until the Petition Date; this Motion was filed simultaneously with the commencement of the case.

17. The Debtor estimates that approximately 15 minutes will be necessary for a hearing on this Motion and that a similar amount of time may be required for a final hearing.

18. As no creditors committee has been named, pursuant to Federal Rule of Bankruptcy Procedure 4001(b), a copy of this Motion must be served on the secured creditors and on those creditors on the list of twenty (20) largest unsecured creditors, and notice of the hearing must be given to the same persons.

19. The Debtor and counsel are prepared to appear on two hours' notice at a hearing to demonstrate that the request for an emergency hearing is not the result of the Debtor or counsel's procrastination or lack of attention.

**WHEREFORE,** Sherwood Farms, Inc., debtor-in-possession, respectfully requests this Court grant its request for an emergency hearing, to grant its Motion for authority to use Cash Collateral, and for such other and further relief as is just and proper.

**RESPECTFULLY** submitted this 15th day of January 2010.

/s/ Mariane L. Dorris
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
R. Scott Shuker, Esq.
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:10-bk-00578

SHERWOOD FARMS, INC.,                           CHAPTER 11

                Debtor.
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing **DEBTOR-IN-POSSESSION'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**, together with the Exhibits, has been furnished by either facsimile, electronic mail, and/or U.S. First Class mail, postage prepaid, to: Sherwood Farms, Inc., c/o Julian Benscher, 13613 Honeycomb Rd., Groveland, FL 34736; Old Southern Bank, 250 N. Orange Ave., Orlando, FL 32801; Pentagon Capital Mgmt Plc, 25/26 Albemarle Street, London, England W1S 4HK, UK; and the 20 largest unsecured creditors as shown on the matrices attached to the original motion filed with the Court; and the U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801, this 15th day of January 2010.

                                              /s/ Mariane L. Dorris
                                              Mariane L. Dorris, Esquire

AK Nursery Inc
2454 W Kelly Park
Apopka, FL 32712

Amerigas
PO Box 105018
Atlanta, GA 30348

BWI
PO Box 1328
Plymouth, FL 32768

Bank of America
7682 Dr. Phillips Blvd.
Orlando, FL 32819

Best Plant Nursery
1757 Plymouth Sorrento Rd
Apopka, FL 32704

Ceramo Company
PO Drawer 485
Jackson, MO 63755

Chase Credit Card
PO Box 15153
Wilmington, DE 19886

Floralife
751 Thunderbolt Drive
Walterboro, SC 29488

IC Industries
PO Box 919271
Orlando, FL 32891

Industrial Battery
& Charger
PO Box 602104
Charlotte, NC 28260

John Henry Company
75 Remittance Drive-3111
Chicago, IL 60675

Label It
10100 NW 116th Way
Miami, FL 33178

Packaging Corp of America
3785 Bryn Mawr Street
Orlando, FL 32808

ProSource One
2601 W Orange Bl Trail
Apopka, FL 32712

Wholesale Plant Industry
PO Box 1461
Sorrento, FL 32776

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:10-bk-00578

SHERWOOD FARMS, INC.,  CHAPTER 11

Debtor.
_____/

[PROPOSED]
FIRST INTERIM ORDER AUTHORIZING THE USE OF
CASH COLLATERAL AND PROVIDING
ADEQUATE PROTECTION TO ITS SECURED CREDITORS
(Final Hearing Set for _____, at _____ a.m./p.m.)

THIS CASE came on for an interim hearing on _____ ("Hearing"), upon Sherwood Farms, Inc.'s ("Debtor"), emergency motion for authority to use cash collateral filed January 15, 2010 (Doc No. ____) (the "Motion"). In the Motion, Debtor seeks authority to use cash collateral and provide adequate protection to its secured creditors, Old Southern Bank ("Old Southern") and Pentagon Capital Management Place ("Pentagon Capital"). The Hearing was scheduled as an emergency hearing, and notice of the Hearing was provided by either facsimile, electronic, and/or United States mail to the list of twenty largest unsecured creditors, to all secured creditors and the United States Trustee.

Upon consideration of the Motion, the evidence presented by counsel for the Debtor, arguments presented by counsel present at the hearing, and noting the position of all other parties present at the Hearing, it is hereby

**ORDERED:**

1. The Motion is granted to the extent provided herein.

2. As used in this Order, "Cash Collateral" shall mean funds on hand and funds to be received from the Debtor's receipts from inventory and accounts receivable.

3. Through _____, the Debtor is authorized to use Cash Collateral: (a) in accordance with the terms and conditions contained herein; and (b) in accordance with the Budget Report attached hereto as **Exhibit "A"**, with a ten (10%) percent variance.

4. As adequate protection of the lien position of Old Southern and Pentagon Capital during this interim period, each shall have a replacement lien to the same extent and with the same validity and priority as its respective prepetition lien *nunc pro tunc* to the Petition Date. These liens shall secure the respective prepetition indebtedness owed to Old Southern and Pentagon Capital.

5. All liens and security interests granted pursuant to this Order shall be deemed effective, valid, and perfected as of the date of the entry of this Order, without the necessity of filing or lodging by or with any entity of the documents or instruments otherwise required to be filed or lodged under applicable nonbankruptcy law.

6. Nothing in this Order shall be deemed a finding with respect to the extent, validity, or priority of the prepetition liens and claims of Old Southern or Pentagon Capital, and the rights of any creditor or party-in-interest to challenge such liens and claims are specifically preserved.

7. This Order does not, and shall not, constitute a waiver by Old Southern or Pentagon Capital of any rights each may have with respect to any of the prepetition obligations, including, without limitation, their right to exercise, with respect thereto, all of the rights of a secured party under applicable law, subject only to the provisions of the Bankruptcy Code, together with orders entered by the Court.

8. The Debtor shall allow reasonable access to its facilities or books and records; provided, however, such access must be on reasonable notice and not disturb the operations of the business.

9. This Court retains its jurisdiction to resolve any disputes and controversies regarding the interpretation or implementation of this Order.

10. The liens granted in the Order are granted *nunc pro tunc* to the Petition Date.

11. A final hearing has been set on use of cash collateral on _____, 2010 at _____ a.m./p.m. before the Honorable _____, United States Bankruptcy Court, 135 W. Central Blvd., Courtroom _____, Fifth Floor, Orlando, Florida 32801.

**DONE and ORDERED**

_____
United States Bankruptcy Judge

COPIES TO:

Debtor: Sherwood Farms, Inc., c/o Julian Benscher, 13613 Honeycomb Rd., Groveland, FL 34736;

Debtor's counsel: R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353;

Office of the United States Trustee, 135 West Central Boulevard, Suite 620 Orlando, Florida 32801; and

Creditors Holding 20 Largest Unsecured Claims