UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:10-bk-00578-KSJ

SHERWOOD FARMS, INC.,  CHAPTER 11

      Debtor.
_____/

# FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO SECURED CREDITOR

**THIS CASE** came on for final hearing on Wednesday, February 10, 2010 ("Hearing"), upon Sherwood Farms, Inc.'s ("Debtor"), emergency motion for authority to use cash collateral filed January 15, 2010 (Doc No. 6) (the "Motion"). In the Motion, Debtor seeks authority to use cash collateral and provide adequate protection to its secured creditor, Old Southern Bank ("Old Southern"). The Hearing was scheduled as a final hearing, and notice of the Hearing was provided by either facsimile, electronic, and/or United States mail to the list of twenty largest unsecured creditors, to all secured creditors and the United States Trustee.

Upon consideration of the Motion, the proffer of evidence presented by counsel for the Debtor, arguments presented by counsel present at the hearing, and noting the position of all other parties present at the Hearing, it is hereby

**ORDERED:**

1.    The Motion is granted to the extent provided herein.

2. As used in this Order, "Cash Collateral" shall mean funds on hand and funds to be received from the Debtor's receipts from inventory and accounts receivable.

3. The Debtor is authorized to use Cash Collateral: (a) in accordance with the terms and conditions contained herein; and (b) in accordance with the Budget Report attached hereto as **Exhibit "A"**, with a ten (10%) percent variance.

4. As adequate protection of the lien position of Old Southern, the lender shall have a replacement lien to the same extent and with the same validity and priority as its respective prepetition lien *nunc pro tunc* to the Petition Date. This lien shall secure the respective prepetition indebtedness owed to Old Southern.

5. All liens and security interests granted pursuant to this Order shall be deemed effective, valid, and perfected as of the date of the entry of this Order, without the necessity of filing or lodging by or with any entity of the documents or instruments otherwise required to be filed or lodged under applicable nonbankruptcy law.

6. Nothing in this Order shall be deemed a finding with respect to the extent, validity, or priority of the prepetition liens and claims of Old Southern, and the rights of any creditor or party-in-interest to challenge such liens and claims are specifically preserved.

7. This Order does not, and shall not, constitute a waiver by Old Southern of any rights each may have with respect to any of the prepetition obligations, including, without limitation, their right to exercise, with respect thereto, all of the rights of a secured party under applicable law, subject only to the provisions of the Bankruptcy Code, together with orders entered by the Court.

8. This Court retains its jurisdiction to resolve any disputes and controversies regarding the interpretation or implementation of this Order.

9. The liens granted in the Order are granted *nunc pro tunc* to the Petition Date.

**DONE and ORDERED** on February 16, 2010.

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

**COPIES TO:**

Debtor: Sherwood Farms, Inc., c/o Julian Benscher, 13613 Honeycomb Rd., Groveland, FL 34736;

Debtor's counsel: R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353;

Sherwood Investments Overseas Limited, Inc., c/o Frank Wolff, Wolff, Hill McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, FL 32804;

Old Southern Bank, 250 N. Orange Ave., Orlando, FL 32801;

Grey Squires-Binford, a/f Old Southern Bank, P.O. Box 1913, Orlando, FL 32802-1913;

Office of the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and

Local Rule 1007-2 parties-in-interest

# Sherwood Farms, Inc.

## 4 Month Budget - Cash In / Cash Out

*January 2010*

**CASH IN MONTHLY**
$150,000  Sales



$150,000  *Total*

**CASH OUT MONTHLY**
$78,000  Payroll
$30,000  Legal
$15,000  Plant Restocking
$3,000   Utilities
$900     Cell Phones
$400     Office Phones
$4,600   Property Ins.
$2,800   Workers Comp
$66,000  Propane / Diesel
$5,000   Supplies / Materials
$4,500   Chem/Fert/Potting Media
$3,500   Fuel for Truck Deliveries
$1,000   Smaller misc expenses

*$214,700  Total*

*February 2010*

**CASH IN MONTHLY**
$160,000  Sales



$160,000  *Total*

**CASH OUT MONTHLY**
$78,000  Payroll
$30,000  Legal
$30,000  Plant Restocking
$3,000   Utilities
$900     Cell Phones
$400     Office Phones
$4,600   Property Ins.
$2,800   Workers Comp
$50,000  Propane / Diesel
$5,000   Supplies / Materials
$4,500   Chem/Fert/Potting Media
$3,500   Fuel for Truck Deliveries
$1,000   Smaller misc expenses

Exhibit A

$213,700 Total

**March 2010**

<u>**CASH IN MONTHLY**</u>
$170,000  Sales




*$170,000  Total*

<u>**CASH OUT MONTHLY**</u>
$78,000  Payroll
$30,000  Legal
$45,000  Plant Restocking
$3,000  Utilities
$900  Cell Phones
$400  Office Phones
$4,600  Property Ins.
$2,800  Workers Comp
$40,000  Propane / Diesel
$5,000  Supplies / Materials
$4,500  Chem/Fert/Potting Media
$3,500  Fuel for Truck Deliveries
$1,000  Smaller misc expenses

*$218,700  Total*

**April 2010**

<u>**CASH IN MONTHLY**</u>
$140,000  Sales



*$140,000  Total*

<u>**CASH OUT MONTHLY**</u>
$78,000  Payroll
$30,000  Legal
$30,000  Plant Restocking
$3,000  Utilities
$900  Cell Phones
$400  Office Phones
$4,600  Property Ins.
$2,800  Workers Comp
$16,000  Propane / Diesel
$3,500  Supplies / Materials
$4,000  Chem/Fert/Potting Media
$3,000  Fuel for Truck Deliveries
$1,000  Smaller misc expenses

*$177,200  Total*