UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    CASE NO. 6:10-bk-00578-KSJ

SHERWOOD FARMS, INC.,                                     CHAPTER 11

      Debtor.
_____/

**<u>FINAL ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN
POST-PETITION SECURED FINANCING FROM THE DIP LENDER;(II) PROVIDING
LIENS, SECURITY INTERESTS AND SUPER PRIORITY CLAIMS TO THE DIP
LENDER; AND (III) APPROVING THE FORM
AND METHOD OF NOTICE THEREOF</u>**

THIS MATTER came before this Court upon a motion (the "DIP Motion")[1] (Doc. No. 12) by the above-captioned debtor (the "Debtor"), seeking, among other things, entry of a final order (the "Final Order") authorizing, *inter alia*, the Debtor to obtain post-petition financing from Pentagon Apollo, Ltd. ("Pentagon" or the "DIP Lender"), pursuant to the terms of certain loan documents to be prepared as contemplated in the Commitment Letter attached to the DIP Motion (the "Loan Documents"). The Court has previously entered an interim order (the "Interim Order") (Doc. No. 33) authorizing borrowing on the proposed loan to a maximum of $50,000.00.

The Court, having considered the DIP Motion, the proffered evidence presented by the Debtor in support of the DIP Motion, and the evidence submitted at the hearings on the DIP

---

[1] Capitalized terms not defined herein shall have the same meaning as ascribed in the Commitment Letter. In the event of any inconsistency between the terms and conditions of the loan documents and of this Final Order, the provisions of this Final Order shall govern and control.

Motion held on January 26, 2010, and February 10, 2010, and having found due and proper notice of the DIP Motion, it is hereby

ORDERED:

A.  Due and proper notice to the DIP Motion has been provided to all parties entitled to notice, including, without limitation, Old Southern Bank and all other known lienors.

B.  The DIP Motion is granted. The Debtor and DIP Lender are authorized to execute such documents as are reasonably necessary to evidence the loan described in the DIP Motion.

C.  **Debtor's Acknowledgements and Agreements**. Without prejudice to the rights of parties in interest, as set forth below, the Debtor admits, stipulates, acknowledges and agrees that:

(a)  **Authorization to Borrow**. In order to enable the Debtor to continue to operate its business, and subject to the terms and conditions of this Final Order, the Loan Documents, and the Budget attached hereto as Exhibit "A", the Debtor shall be authorized to borrow up to $350,000.00, inclusive of the $50,000.00 authorized pursuant to the Interim Order, and the additional $6,000 previously advanced.

(b)  **Application of DIP Proceeds**. The proceeds of the Loan described in the DIP Motion (net of any amounts used to pay fees, costs and expenses under the Commitment Letter and Loan Documents) shall be used, in a manner consistent with the terms and conditions of the Loan Documents, and in accordance with the Budget and this Interim Order, subject to the Permitted Budget Variance (as hereafter defined).

(c)  **Grant of DIP Liens**. Effective immediately upon the entry of the Final Order, the DIP Lender is hereby granted, pursuant to Sections 361, 362, 363(c)(2)-(3), and 364(d)(1) of the Bankruptcy Code, valid, binding, enforceable, priming and perfected first

priority mortgage lien upon and security interest in all assets (whether real or personal) of the Debtor, which lien and security interest shall include, but not by way of limitation, a first priority security interest in all litigation claims, causes of action, demands, rights of action, choses in action and insurance claims of any type or description whatsoever excluding only any avoidance action under Chapter 5 of title 11 of the United States Code (the "Property"). The DIP Lender's liens and security interests in the Property are collectively referred to as the "DIP Liens."

(d) **DIP Lien Priority**. Except as set forth in this Final Order, the DIP Liens granted pursuant to the Loan Documents and this Final Order shall be senior in priority to any and all other liens, claims and security interests in the Property and shall not be made subject to, or pari passu with, any other lien or security interest whatsoever, whether arising, accruing or created pre or post petition.

(e) **Senior Claim Status**. All obligations of the Debtor pursuant to the DIP Loan shall be an allowed senior claim pursuant to Section 364(c)(1) of the Bankruptcy Code (the "DIP Lender's Superpriority Claim"), with priority over any and all existing liens and security interests whatsoever, and shall likewise have priority over any and all claims pursuant to Sections 105, 327, 328, 330, 502, 503, 506, 507 or any other provision of title 11 of the United States Code, whether now existing or hereafter arising.

D. **Authorization to Use Proceeds of Loan Documents**. Pursuant to the terms and conditions of this Final Order and the Loan Documents, and in accordance with the Budget (which may be modified only consistent with the terms of the Loan Documents and this Final Order, and only as acceptable to the DIP Lender) the Debtor is authorized to use the advances under the Loan Documents during the period commencing immediately after the entry of this Final Order and terminating upon the Maturity Date (as hereafter defined); provided, however,

no Funds may be advanced to professionals absent prior approval of the Court. Once Loan Documents acceptable to the DIP Lender have been executed, the DIP Lender shall be authorized to fund certain of the Debtor's business expenses consistent with the Budget, provided that the total amount expended each month per line item does not exceed 110% of the amount provided for in the Budget for such line item expense (the "Permitted Budget Variance"). The Debtor may use the DIP Loan for payment of expenses other than those set forth in the Budget or in amounts greater than the Permitted Budget Variance only with the prior written consent of the DIP Lender.

  E. **Maturity Date**. Subject to the provisions of this Final Order and the Loan Documents, all obligations of the Debtor pursuant to the DIP Loan shall be immediately due and payable, and authority to use the proceeds of the DIP Loan shall cease, on the first to occur of (i) the first anniversary of the date of execution of the Loan Documents; (ii) the date upon which the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7; or (iii) the effective date of a confirmed Chapter 11 plan of reorganization in the Bankruptcy Case.

  F. **Post-Petition Lien Perfection**. This Final Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, deed of trust, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect the DIP Liens or to entitle the DIP Lender to the priorities granted herein. Notwithstanding the foregoing, the DIP Lender is hereby authorized and permitted to file or record such mortgages, financing statements or other documents as it deems necessary or appropriate to perfect the liens and security interests granted

hereby. To the extent applicable, the automatic stay of Section 362 of the Bankruptcy Code is hereby modified to permit the DIP Lender to so file or record.

G. **Reservation of Certain Third-Party Rights and Bar of Challenges and Claims**. Nothing in this Final Order or the Loan Documents shall prejudice whatever rights any Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "Statutory Committee") or any other party in interest with requisite standing (other than the Debtor) may have (a) to object to or challenge the findings herein, including, but not limited to, those in relation to (i) the validity, extent, perfection or priority of any pre-petition mortgage, security interest and/or lien of any of the Debtor's secured creditors in and to any of the Property, or (ii) the validity, allowability, priority, status or amount of any pre-petition secured obligation, or (iii) the validity, allowability, priority, status or amount of any pre-petition unsecured obligations; (b) to bring suit against any lender in connection with or related to any pre-petition secured obligation, or (c) to seek a carve out for the payment of their professional fees.

H. **Payment of Post-Petition Interest and Expenses**. The Debtor is authorized to pay, and the DIP Lender is entitled to receive (a) any and all interest, fees and costs under the Loan Documents, and the costs and expenses of the DIP Lender in connection with this Chapter 11 case, including, without limitation, reasonable legal, accounting, collateral examination, monitoring and appraisal fees, financial advisory fees, fees and expenses of other consultants, indemnification and reimbursement of fees and expenses, and other out-of-pocket expenses will be paid by the Debtor.

I. **Events of Default and Rights and Remedies**. Among other defaults as may be provided in the Loan Documents, events of default under the DIP Loan shall include (i) the failure to make payments when due, (ii) the appointment of a Chapter 11 Trustee; (iii) dismissal

of this case or the Sherwood Investments Overseas Ltd. ("SIO") case; (iv) the conversion of this case or the SIO case to Chapter 7; (v) or any party or entity obtaining, receiving or being granted a lien or security interest in all or any of the Property that is, in whole or in part, superior to, or equal to, the priority of the liens and security interests granted the DIP Lender hereunder. The rights and remedies of the DIP Lender upon an event of default specified in the Loan Documents are cumulative and not exclusive of any rights or remedies that the DIP Lender may have under the Bankruptcy Code, this Final Order or any other order of this Court.

J.  **Carve-Out**.  Upon the occurrence and during the continuation of an Event of Default, the claims, liens and security interests granted hereunder to the DIP Lender and those ranking junior in priority to such liens and claims shall be subject to the Carve-Out. As used in this Order, "Carve Out" means the unpaid fees of the Clerk of the Bankruptcy Court and the U.S. Trustee, pursuant to 28 U.S.C. § 1930(a).

K.  **Other Rights and Obligations**.

(a)  **Business Judgment and Good Faith Pursuant to Section 364(e)**. Pursuant to Section 364(e) of the Bankruptcy Code, the DIP Lender has acted in good faith in agreeing to extend the post-petition financing to the Debtor, and the DIP lender shall be entitled to all protections authorized or provided by Section 364(e) of the Bankruptcy Code, including, without limitation, that the liens and security interests authorized and granted hereby shall not be affected, reduced, or otherwise adversely impacted by any reversal or modification on appeal of this Final Order. Moreover, the terms of the Loan Documents are fair under the circumstances and all pre-petition secured creditor interests, including, without limitation, those of Old Southern Bank, are adequately protected and/or have consented to the relief provided herein.

(b) **Enforceability**. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable nunc pro tunc to the Petition Date immediately upon execution hereof.

DONE AND ORDERED on February 17, 2010.

KAREN S. JENNEMANN
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Sherwood Farms, Inc., c/o Julian Benscher, 13613 Honeycomb Rd., Groveland, FL 34736;

R. Scott Shuker, Esq., Mariane L. Dorris, Esq. and Victoria I. Minks, Esq., Latham Shuker Eden & Beaudine, LLP (attorneys for Debtor), P.O. Box 3353, Orlando, FL, 32802-3353;

Old Southern Bank, 250 N. Orange Avenue, Orlando, FL 32801;

Pentagon Apollo, Ltd., c/o Harney's Corporate Services, Ltd., Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands;

Pentagon Capital Mgmt PLC, 25/26 Albemarle St., London, England W 1 S 8HK UK;

Andrew M. Brumby, Esq., a/f Pentagon Apollo, Ltd., P.O. Box 4956, Orlando, Florida 32802-4956;

Local Rule 1007-2 Parties-in-interest List;

U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801; and

Frank M. Wolff, Esq., Wolff, Hill, McFarlin & Herron, 1851 W. Colonial Drive, Orlando, Florida 32804.

ORLDOCS 11754009 1